| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| TANIA R. WILLIAMS, | § |
| Appellant, | § § § |
| versus | § CIVIL ACTION NO. 4:05-CV-139 |
| GREGORY J. HORNER, | § § § |
| Appellee. | § § |

## MEMORANDUM AND ORDER

Pending before the court is an appeal of a decision rendered by United States Bankruptcy Judge Brenda T. Rhoades of the Eastern District of Texas addressing the discharge of Appellee Gregory Horner's ("Horner" or "Debtor") debt obligations under 11 U.S.C. § 523(a)(15) (2004). *See In re Horner* (03-04240). Having reviewed the opinion, the record, the submissions of the parties, and the applicable law, the court is of the opinion that the decision of the bankruptcy court should be reversed.

I.  Background

On June 4, 2002, Horner and Appellant Tania R. Williams ("Williams") were divorced pursuant to a Final Decree of Divorce entered by the 256th Judicial District Court of Dallas County, Texas. The Division of Debt provision of the divorce decree required Horner to pay Williams $4,362.00, satisfying half of an unpaid debt owed to Williams's parents, Henry and Baerbel Williams. The divorce decree provided that Horner pay Williams $611.00 per month beginning March 15, 2002, and continuing until the debt to her parents was paid in full. Additionally, the Equalization of Property Division clause of the divorce decree obligated Horner

to make twelve payments of $611.00 (or $7,332.00) to Williams beginning the first month following the date the last payment was made on the debt owed to Williams's parents. The divorce decree further specified that any payments more than thirty days past due would bear simple interest at the rate of six percent per annum. In total, the debt at issue in this case is $11,694.00, all of which stems from the divorce decree.

On June 11, 2003, Horner filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. On September 24, 2003, Williams, acting *pro se*, filed an adversary proceeding under 11 U.S.C. § 523(a)(5), (15) objecting to the discharge of Horner's debt to her as set forth in the divorce decree. Horner filed an answer to Williams's complaint, generally denying the allegations contained therein.

The trial began on May 3, 2004, at which time Williams advised the court that she was abandoning her claim under § 523(a)(5). Rather, she limited her claim to § 523(a)(15), which makes certain debts arising from a divorce decree nondischargeable in bankruptcy. At the commencement of the trial, the parties presented arguments and evidence regarding whether Horner's obligations to Williams under the divorce decree should be excepted from discharge under § 523(a)(15). Williams objected to Horner's offering evidence under § 523(a)(15)(A) and (B), arguing that he had waived any defenses made available to him by these sections by failing to plead them as affirmative defenses in his answer to her complaint. The bankruptcy court reserved its ruling on Williams's objection and proceeded to trial on that day. The parties were afforded an opportunity to submit post-trial briefs addressing whether § 523(a)(15)(A) and (B) are affirmative defenses and whether Horner waived reliance on those provisions by not pleading them in his answer.

On August 5, 2004, the bankruptcy court held a hearing on Williams's objection and ruled that, although the defenses set forth in § 523(a)(15)(A) and (B) are affirmative defenses, in light of the court's continuing the trial, Williams was not prejudiced by Horner's failure to plead them as affirmative defenses in his answer. Williams reminded the court that there had been no continuance, but rather, the parties had been required to proceed with the trial as originally set. The court, however, declined to change its ruling, reasoning that the language contained in Williams's complaint should have alerted her to the likelihood that Horner would rely on the affirmative defenses listed in § 523(a)(15)(A) and (B), and, accordingly, Horner was not required to plead them as affirmative defenses.

Subsequently, on January 7, 2005, the court entered its Memorandum Opinion holding that Horner had not waived the affirmative defenses set forth in § 523(a)(15)(A) and (B) and, pursuant to those provisions, his obligations to Williams under the divorce decree were discharged. Williams filed a motion for a new trial under Rule 9023 of the Federal Rules of Bankruptcy Procedure. Following a hearing, the bankruptcy court denied the motion, reasoning that Williams had anticipated that Horner would rely on the defenses of § 523(a)(15)(A) and (B) by pleading that the "debtor has the ability to pay these obligations from income or property not reasonably necessary for the support of the debtor . . . [and] discharge of these obligations would cause great detriment to plaintiff." The bankruptcy court further noted that Horner's answer denied those specific averments by paragraph number, precluding a claim of surprise on the part of Williams.

Williams filed her Notice of Appeal on February 25, 2005. On March 17, 2005, she submitted Appellant's Statement of Issues Presented on Appeal, setting forth the following issue to be considered by this court: "Whether the Bankruptcy Court erred in allowing Defendant to

3

present evidence of defenses under 11 U.S.C. § 523(a)(15)(A) and (B) where the Defendant failed to plead such defenses. Whether the language in Plaintiff's Complaint is sufficient to allow a Defendant to assert an affirmative defense not otherwise plead [sic] by Defendant."

II.  Analysis

    A.  Jurisdiction and Standard of Review

This court has jurisdiction of this appeal pursuant to 28 U.S.C. § 158(c)(2), which provides that an appeal from the bankruptcy court to the district court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts . . . ." Therefore, "when reviewing a bankruptcy court's decision in a 'core proceeding,' a district court functions as a[n] appellate court." *Webb v. Reserve Life Ins. Co. (In re Webb)*, 954 F.2d 1102, 1103-04 (5th Cir. 1992). In reviewing a decision of the bankruptcy court, Rule 8013 of the Federal Rules of Bankruptcy Procedure requires the court to accept the bankruptcy court's findings of fact unless clearly erroneous and to examine *de novo* the conclusions of law. *See Carrieri v. Jobs.com Inc.*, 393 F.3d 508, 517 (5th Cir. 2004); *In re Homeowners Mortgage & Equity, Inc.*, 354 F.3d 372, 375 (5th Cir. 2003); *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1307-08 (5th Cir. 1985).

    B.  Exceptions to Nondischargeability of Divorce-Related Debts

In this adversary proceeding, Williams contends that the debt Horner incurred in connection with their divorce decree is nondischargeable in bankruptcy. *See* 11 U.S.C. § 523(a)(15). Horner counters that the debt from the divorce decree is dischargeable pursuant to the exceptions to nondischargeability provided by § 523(a)(15)(A) and (B).

4

Section 523(a)(15) of the United States Bankruptcy Code, entitled "Exceptions to discharge," states in relevant part:

> (a) A discharge . . . does not discharge an individual debtor from any debt— . . .
> (15) not of the kind described in paragraph (5) [which is in the nature of alimony or child support] that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, . . . unless—
> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent . . . ; or
> (B) discharging the debt would result in a benefit to the debtor that outweighs the detrimental consequences to a . . . former spouse of the debtor.

11 U.S.C. § 523(a)(15)(A), (B); *see also In re Dennis*, 330 F.3d 696, 703 (5th Cir. 2003); *Gamble v. Gamble (In re Gamble)*, 143 F.3d 223, 224-25 (5th Cir. 1998). This section was added to the Bankruptcy Code in 1994 to address the dischargeability of divorce-related debts not in the nature of alimony support or separate maintenance. *See In re Evert*, 342 F.3d 358, 367-68 (5th Cir. 2003); *Casseb & Pearl, Inc. v. Skaja (In re Skaja)*, 313 B.R. 198, 204 (W.D. Tex. 2004); *In re Pino*, 268 B.R. 483, 494-95 (Bankr. W.D. Tex. 2001); *Dressler v. Dressler (In re Dressler)*, 194 B.R. 290, 299 (Bankr. D.R.I. 1996); 140 CONG. REC. H10,752, H10,770 (daily ed. October 4, 1994); 4 *Collier on Bankruptcy*, ¶ 523.21 (15th ed. 2005).

Section 523(a)(15) creates a two-part test to determine whether a divorce-related debt is dischargeable. *See* 11 U.S.C. § 523(a)(15)(A), (B); *see also In re Gamble*, 143 F.3d at 225-26; *In re Pino*, 268 B.R. at 495; *Carlisle v. Carlisle (In re Carlisle)*, 205 B.R. 812, 819 (Bankr. W.D. La. 1997). The first prong inquires into the debtor's ability to pay an obligation arising from a divorce. *See* 11 U.S.C. § 523(a)(15)(A); *In re Gamble*, 143 F.3d at 225-26; *In re Pino*, 268 B.R.

5

at 495. If the first prong is not met, the second prong balances the equities between the parties and considers whether the benefit of discharge to the debtor outweighs the detriment to the non-debtor spouse. *See* 11 U.S.C. § 523(a)(15)(B); *In re Gamble*, 143 F.3d at 225-26; *In re Pino*, 268 B.R. at 494-95; *In re White*, 265 B.R. 547, 555-56 (Bankr. N.D. Tex. 2001); *In re Carlisle*, 205 B.R. at 819; *Hill v. Hill (In re Hill)*, 184 B.R. 750, 752-53 (Bankr. N.D. Ill. 1995).

The non-debtor spouse bears the burden of proving that § 523(a)(15) is applicable to the debt in question. *See In re Dennis*, 330 F.3d at 703 (citing *In re Gamble*, 143 F.3d at 226); *In re Provenza*, 316 B.R. 177, 222 (Bankr. E.D. La. 2003); *In re Pino*, 268 B.R. at 495; *In re White*, 265 B.R. at 556. In other words, the plaintiff spouse must show that the debt arose from the divorce decree but is not for alimony or support. *See In re Gamble*, 143 F.3d at 226. Once the nature of the debt is established, the burden shifts to the debtor to prove that the debt is dischargeable because one of the exceptions set forth in § 523(a)(15)(A) or (B) applies. *See id.*; *In re Provenza*, 316 B.R. at 222; *In re Pino*, 268 B.R. at 496; *In re White*, 265 B.R. at 556.

The United States Court of Appeals for the Fifth Circuit, as well as a number of other courts, have characterized the exceptions to nondischargeability listed in § 523(a)(15)(A) and (B) as affirmative defenses. *See In re Gamble*, 143 F.3d at 226 (finding that § 523(a)(15)(A) and (B) "accord with traditional notions of the prima facie case and affirmative defense . . . ."); *see also In re Crosswhite*, 148 F.3d 879, 885 (7th Cir. 1998) (explaining that "the statute clearly places the ultimate burden on the debtor to prove to the court, in the manner of an affirmative defense that the debt should be discharged [under § 523(a)(15)(A) and (B)]"); *Moeder v. Moeder (In re Moeder)*, 220 B.R. 52, 56 (B.A.P. 8th Cir. 1998) (concluding that subsections (A) and (B) of § 523 are exceptions to nondischargeability and are affirmative defenses); *In re Shurelds*, 276 B.R.

803, 807 (Bankr. N.D. Ohio 2001) (stating that the "exceptions to nondischargeability [in § 523(a)(15)(A) and (B)] constitute affirmative defenses"); *Belcher v. Owens (In re Owens)*, 191 B.R. 669, 673 (Bankr. E.D. Ky. 1996) (interpreting subsections (A) and (B) of § 523 as affirmative defenses); *In re Hill*, 184 B.R. at 753-54 (holding that the debtor must plead the affirmative defenses found in § 523(a)(15)(A) and (B)).

In the case at bar, Williams does not appeal the bankruptcy court's finding that Horner did not have the ability to pay or that discharging the debt constitutes a greater benefit to Horner than a detriment to Williams. Rather, she challenges the bankruptcy court's ruling permitting Horner to proffer evidence of the affirmative defenses listed in § 523(a)(15)(A) and (B). Williams argues that the bankruptcy court committed reversible error by holding that Horner's failure to plead these affirmative defenses in his answer to her complaint did not constitute a waiver of the defenses.

C. <u>Failure to Plead Affirmative Defense</u>

The Federal Rules of Civil Procedure require an affirmative defense to be raised in an answer, or it is waived. *See* FED. R. CIV. P. 8(c); *Kontrick v. Ryan*, 540 U.S. 443, 458-59 (2004); *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1278 (3d ed. 2005). Rule 8(c) of the Federal Rules of Civil Procedure is made applicable to bankruptcy proceedings by Rule 7008(a) of the Federal Rules of Bankruptcy Procedure, which provides that Rule 8 applies in adversary proceedings. *See Kontrick*, 540 U.S. at 458-59. Generally, the court may grant leave to amend pleadings in order to assert an omitted affirmative defense. *See* FED. R. CIV. P. 15 (stating "a party may amend the party's pleading . . .; and leave [to amend] shall be freely given when justice

so requires"); *see also Kontrick*, 540 U.S. at 459 (noting that Federal Rule of Bankruptcy Procedure 7015 makes Rule 15 of the Federal Rules of Civil Procedure applicable to bankruptcy adversary proceedings).

"'The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.'" *Stone v. Stone (In re Stone)*, 199 B.R. 753, 778 (Bankr. N.D. Ala. 1996) (quoting *Hassan v. United States Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988)). A party must plead an affirmative defense with adequate specificity to provide fair notice of the defense that is being advanced and to prevent unfair surprise. *See Woodfield*, 193 F.3d at 362 & n.29 (citing *Automated Med. Labs., Inc. v. Armour Pharm. Co.*, 629 F.2d 1118, 1122 (5th Cir. 1980)); *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987). "A defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense." *Id.* (quoting *Bettes v. Stonewall Ins. Co.*, 480 F.2d 92, 94 (5th Cir. 1973)). Accordingly, the debtor waives the affirmative defenses listed in § 523(a)(15)(A) and (B) if they are not pleaded in an answer. *See In re Dressler*, 194 B.R. at 301 (holding that the elements of subpart (A) and (B) are affirmative defenses and the "principles of pleading and waiver apply"); *Collins v. Hesson (In re Hesson)*, 190 B.R. 229, 239 (Bankr. Md. 1996) (stating "the debtor must plead the affirmative defense of § 523(a)(15)(A) or waive it").

During the bankruptcy trial, Williams objected to Horner's presentation of evidence addressing the exceptions to nondischargeability provided in § 523(a)(15)(A) and (B). Williams argued that, by failing to plead these affirmative defenses, Horner had waived the opportunity to proffer evidence that he did not have the ability to pay the debt or that the benefit of discharging

his debt outweighed the detriment she would suffer if his debt were discharged. Ultimately, the bankruptcy court overruled her objection and permitted Horner to submit evidence that his divorce obligations should be discharged pursuant to § 523(a)(15)(A) and (B).

On appeal, Williams contends that the bankruptcy court erred in finding that Horner did not waive the exceptions to nondischargeability when he failed to assert them as affirmative defenses in his answer to her complaint. Additionally, Williams alleges that she was prejudiced by Horner's raising the affirmative defenses for the first time at trial. She maintains that Horner's failure to plead the affirmative defenses in question prevented her from conducting discovery on his financial condition and "undertak[ing] an examination into the Debtor's lifestyle, income, projected increases [in salary], realistic expenses and other matters which would have been relevant to the affirmative defenses of 11 U.S.C. § 523(a)(15)(A), (B)."

Horner urges in his responsive brief that Williams "was not prejudiced in [her] ability to respond [to the defenses in § 523(a)(15)(A), (B)] and could not claim lack of notice, since [she] specifically contemplated these defenses in [her] detailed [c]omplaint." Horner maintains that Williams put the affirmative defenses set forth in § 523(a)(15)(A) and (B) at issue by pleading in her complaint that the debt in the divorce decree is nondischargeable under § 523(a)(15). Williams's complaint specifically states: "(7) The debtor has the ability to pay these obligations from income or property not reasonably necessary for the support of the debtor . . . . (8) A discharge of these obligations would cause great detriment to plaintiff, since she would not be able to pay the expenses necessary to maintain her family." Horner further asserts that the exceptions to nondischargeability in § 523(a)(15)(A) and (B) are the only two defenses available under this statute, and, therefore, Williams was "not left to guess at the universe of possible defenses."

9

In this situation, Horner had the burden to plead that his debt to Williams arising from the divorce decree was dischargeable pursuant to § 523(a)(15)(A) or (B), and his failure to do so constituted waiver as a matter of law. *See In re Gamble*, 143 F.3d at 226; *In re Dressler*, 194 B.R. at 301; *In re Hesson*, 190 B.R. at 239. Horner did not disclose that he intended to rely on the provisions of § 523(a)(15)(A) and (B) in his answer to Williams's complaint. Moreover, although Horner had the opportunity to seek leave of the bankruptcy court to amend his answer and plead the affirmative defenses, there is no indication in the record that he ever did so prior to trial. *See* FED. R. BANKR. P. 7015; *see also Kontrick*, 540 U.S. at 445. Instead, Horner raised the affirmative defenses for the first time at the trial, which was not a "pragmatically sufficient time" for Williams to investigate or procure evidence in opposition. *See Johnson v. Johnson*, 385 F.3d 503, 516 n.7 (5th Cir. 2004). Furthermore, Williams was not afforded a continuance in order to engage in discovery on the defenses once it was apparent that Horner was relying on them. As a consequence, Williams did not conduct discovery on issues relevant to the affirmative defenses, making no inquiry into Horner's lifestyle, any increase in his salary or potential increase in salary, or his regular monthly expenditures. Horner's failure to give Williams notice that he was relying on these defenses, therefore, led her to forego conducting discovery on these relevant issues, which, in turn, precluded her from responding to the evidence Horner presented at trial regarding his inability to pay his debt and the benefits of discharging his debt vis-a-vis the detriment to Williams.

Hence, under these circumstances, Horner waived the affirmative defenses listed in § 523(a)(15)(A) and (B) by failing to plead them in his answer to Williams's complaint. Williams was prejudiced by Horner's raising these defenses for the first time at trial rather than pleading

them as affirmative defenses in his answer or an amendment thereto. The bankruptcy court's finding that Horner did not waive the affirmative defenses is not supported by the record. Therefore, Horner should have been precluded from proffering evidence that he did not have the ability to pay his debt obligations from the divorce decree and that a discharge would benefit him more than cause detriment to Williams. In the absence of such evidence, Horner's divorce-related debt would not have been subject to discharge.

III.  Conclusion

The bankruptcy court committed reversible error by permitting Horner to present evidence in support of the affirmative defenses set forth in § 523(a)(15)(A) and (B). Horner waived these affirmative defenses by failing to plead them in his answer or a subsequent amendment thereto. Accordingly, for the foregoing reasons, the opinion of the United States Bankruptcy Court for the Eastern District of Texas in the above-styled case is reversed.

SIGNED at Beaumont, Texas, this 7th day of June, 2005.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE